BESSIE COFFEY et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 28768.)

GERTRUDE COFFEY, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 28787.)

BRIDGET COFFEY, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 28793.)

Court of Claims, February 4, 1949.

*Raymond D. Fuller* for claimants.

*Nathaniel L. Goldstein, Attorney-General (Arthur W. Mattson* and *Harold S. Coyne* of counsel), for defendant.

LOUNSBERRY, P. J. This is an action by the claimants for alleged negligence in the construction and maintenance of a portion of State Highway No. 20 at or near the Valley Inn, in the town of Marcellus, Onondaga County, New York.

The claimants, Bridget Coffey, eighty years of age, her daughters, Gertrude Coffey, fifty-one years of age, Bessie Coffey, forty-nine years of age, and Anna Coffey, forty-one years of age, were, on August 26, 1947, proceeding westerly in a new 1947 Buick sedan, driven by Bessie Coffey, to their home in Albion, New York. The claimants were returning from a pleasure trip of several days and had, on August 26th, left Lake George at approximately 7:00 A.M.

At a point near the Valley Inn on said Route 20, about 12:00 M., the automobile of the claimants skidded to the left and then back to the right, leaving the highway and going into the ditch where it overturned. The automobile was badly damaged and the occupants more or less seriously injured. During the skidding and before the automobile came to a stop, the rear door opened and Bridget Coffey, who was sitting in the rear seat, was thrown out landing in the ditch.

During the forenoon and prior to the accident, a light rain had fallen and the highway was damp and wet. About 250 feet west of the Valley Inn was a small bridge across the Nine Mile Creek, and about 500 feet east of the Valley Inn, State Highway Route 174 intersected with Route 20 on the north. Proceeding east on Route 20 from the said bridge over Nine Mile Creek there was a grade of 2.29% for a distance of 250 feet, or just beyond the driveway entering the Valley Inn, then a 4% grade for a distance of 600 feet to about 100 feet east of the intersection of Route 174 with Route 20 and then a 10% grade from that point for a distance of 2,800 feet.

Miss Bessie Coffey, the operator of the automobile, as she approached the top of the steep hill reduced her speed to twenty-five miles per hour, took her foot off the accelerator, leaving the automobile in high gear, and proceeded down the hill. At the time of the accident, the automobile had increased its speed by momentum ten to twelve miles an hour, or, in other words, was proceeding at approximately thirty-five to thirty-seven miles per hour.

The highway from a point at the intersection of Route 174 with Route 20 westerly for a distance of 2,800 feet was a twenty foot bituminous highway, which was constructed in 1932. Repairs with cold patch were applied to portions of this highway early in the spring of 1947.

Following the accident the occupants were removed from the automobile to the Valley Inn, and later to their home in Albion. Gertrude Coffey, who was sitting in the front seat of the automobile with Bessie Coffey, the driver, suffered a fractured

right collarbone. Anna Coffey suffered a lame shoulder and contusions. Bessie Coffey suffered only minor contusions. Bridget Coffey, who, prior to the accident, suffered from chronic arthritis and high blood pressure, showed little change in her condition, excepting stiffness of the muscles and nervousness.

The claimants allege that the accident was caused by the negligence of the State of New York, its officers and employees, in the construction and maintenance of said highway Route No. 20 at the point of the accident; that the accident was caused by the asphalt or other materials used in the construction of the highway having come to the surface, because of the excessive hot weather for a few days prior to the accident, making the surface slippery.

The only witness called by the claimants to testify as to the construction and maintenance of the highway was Glenn H. Austin, assistant engineer in the employ of the State Department of Public Works, who testified that this highway was constructed in 1932, of a bituminous macadam mixed top pavement, and that during the early spring of 1947, some repairs were made on said highway with the cold-patch method. No evidence was presented which showed the method of construction of said highway or the kind or quantity of materials used. The witness Austin was examined regarding possible conditions that might exist in highways of this construction caused by warm weather bringing the asphalt to the surface. He also testified that occasionally on roads of bituminous construction, the asphalt would sometimes come to the surface in warm weather due to the use of excessive amounts of asphalt or bituminous materials. This condition is also known as "bleeding". Witness Austin also testified that this highway was built in 1932, according to good engineering practices, and that the patching and repairs done in the spring of 1947, were also done according to good engineering practices.

The claimants subpœnaed the records of the office of the division engineer of the Department of Public Works at Syracuse, New York, to show that previous accidents had occurred at this location. The witness produced five reports of the only accidents that had occurred subsequent to November 8, 1939. None of these accidents came about as a result of the slippery conditions of the highway, but were all due to collisions with other automobiles or, as in one case, the result of a tire blowing out.

Testimony was produced by the claimants which showed that at the time of the accident the road was in a somewhat slippery condition. One witness testified that in endeavoring to stop his car at the scene of the accident it skidded about ten feet, and that another car which " pulled in front " of him did likewise. The operator of the wrecking car, who took the Coffey automobile from the scene of the accident, testified on direct examination as follows:

" Q. What made it slippery? " A. Just enough moisture on there. " Q. (Continuing) If you know? " A. Moisture on the highway ".

Witness Schmidt also, on direct examination, testified as follows: " Q. It had rained that morning? " A. Yes, sprinkled enough to wet the road.

The court can decide these claims only on the competent evidence produced on the trial and not from surmise or guess as to the cause of the accident.

The burden of proof was on the claimants to show that the State was negligent in the construction and maintenance of this highway. The claimants contend that this accident was due entirely to the slippery condition of the highway due to the " bleeding " of the surface thereof, which was the result of negligence on the part of the State and its employees in the construction and maintenance of said highway. The court is left without any proof whatsoever that such a condition existed. Witness Austin gave no testimony as to the condition of the highway at the time of the accident, but did say that the construction and the repairs to said highway had been done according to good engineering practices. This evidence was not refuted or contradicted.

If the highway at this point was slippery, it was due entirely to the light rain which had previously fallen. There is no evidence of previous accidents from a similar cause except in the case of Ruth D. Martin, whose car, going in the opposite direction on the other side of the highway, skidded at a point west of the scene of this accident. According to her own testimony, at the time of the accident she was endeavoring to pick up speed to make the hill ahead. It was not shown that this accident, or the skidding of the two automobiles endeavoring to stop at the scene of the Coffey accident, occurred under similar conditions or circumstances as the Coffey incident.

The State of New York is not the insurer of the safety of its highways, but is only required to exercise ordinary care in main-

taining and repairing them. (*Kirchner* v. *State of New York,* 223 App. Div. 543.)

The claimants contend that the accident was due solely to the negligence of the State in the maintenance of the highway at the scene of the accident. The only proof of negligence is mainly of a slippery surface. " Negligence cannot be inferred from the fact that the car skidded or that the accident happened." (*Wesley* v. *State of New York,* 272 App. Div. 990; *Lahr* v. *Tirrill,* 274 N. Y. 112; *Galbraith* v. *Busch,* 267 N. Y. 230.) " Under the facts here, there was no proof of negligence. The burden was on the plaintiffs to produce evidence of negligence; it could not be inferred from the fact that the car skidded or that the accident happened, nor could it be left to guess, speculation or surmise." (*Lahr* v. *Tirrill, supra.*)

There is no proof of any condition of the highway, which would cause the accident, except that the rain might have caused it to be slippery. Such a condition does not justify recovery. (*Sporborg* v. *State of New York,* 226 App. Div. 113; *Monahan* v. *State of New York,* 41 N. Y. S. 2d 642.)

We are, therefore, of the opinion that the State of New York, its officers and employees, had no actual or constructive notice of the existence of a dangerous condition on said highway. The burden of establishing negligence in the construction and maintenance of this highway rested upon the claimants; they having failed to sustain that burden, the claims must be dismissed on the merits.

Findings of fact and conclusions of law in accordance with this opinion may be filed within fifteen days from the date hereof, otherwise this memorandum will be considered the decision.

Let judgment be entered accordingly.