Fred A. Young, J.
The claimant, Brasilia L. Coakley, while a passenger in a vehicle, sustained injuries in an accident which occurred on a State highway, June 27, 1954. Thereafter, on September 23, 1954, the claimants filed a notice of intention to file a claim, in the office of the Clerk of the Court of Claims and served a copy thereof upon the Attorney-General. On September 6, 1955, the claimant, Brasilia L. Coakley, executed an instrument in the form of a general release releasing Caleb J. Coakley, the driver of the vehicle individually, and also as administrator of the estate of Helen V. Coakley, the owner of the vehicle. This instrument was delivered to the insurance company on or about September 20, 1955. In return, the aforementioned claimant received the sum of $8,950 from the Allstate Insurance Company, insurer of the vehicle.
The instrument was a printed form of release supplied by the insurance company and submitted to Mrs. Coakley’s attorney. The limit on the policy was $10,000. There is no question but that Mrs. Coakley has sustained serious injuries, some of which are permanent and have resulted in visible deformity. Her medical expenses alone totaled $5,883.23.
Subsequently, at some time between the date of the execution of the instrument and Becember 1, 1955, the following rider was added to the release by the parties:
‘ ‘ RIDER TO DRUSHjLA L. COAKLEY RELEASE
“ This release is for the benefit of caleb j. coakley, as Administrator of the Estate of helen v. coakley and caleb j. coakley, individually only, and is without prejudice to my cause of action against the state of new york resulting from this accident; it being my intention to pursue that cause of action against the STATE OF NEW YORK in the COURT OF CLAIMS.”
*833 The following notation was also placed in the insurance company’s file:
‘ ‘ Helen Coakley
“ Bring this file to me.
DD06239
R Shields
‘ ‘ The rider which I had pltfs atty prepare, and which I annexed, conforms with the terms of my settlement. Altho I don’t think he has a prayer in his future action against N.Y. State, I did use it as a negotiating wedge. RShields 12/1/55 ”. The notation was made by Robert Shields, who at that time was Manager of the East Bronx District Service Office of the Allstate Insurance Company, and who participated in the transaction and negotiations leading thereto. Mr. Shields also appeared as a witness upon the trial, and testified to the proceedings prior and subsequent to the signing of the agreement.
A claim alleging negligent maintenance and construction of the highway by the State of New York was filed in the office of the Clerk of the Court of Claims on June 2, 1956.
During the trial the State moved to dismiss this claim on the ground that the release operated as a release in general of any and all joint tort-feasors. (Gilbert v. Finch, 173 N. Y. 455; Milks v. McIver, 264 N. Y. 267.)
The claimants contend that there never was any intention to execute a general release, and the execution of Exhibit A, the release, was a mutual mistake on the part of both the claimant, Drusilla L. Coakley, and the insurance company, and that by subsequently adding the rider, they reformed the agreement themselves so as to express their true intent when it was executed; in other words, a covenant not to sue was intended, reserving the claimants’ rights to proceed against the State of New York and this was accomplished by the addition of the rider. (Bossong v. Muhleman, 254 App. Div. 738.) The testimony and exhibits produced upon the trial clearly show that the parties at all times intended to reserve the claimants’ right to proceed against the State of New York.
The State further contends that even if the release did not express the intent of the parties, this court lacks equitable jurisdiction to reform a release executed by two parties, one of whom is not before the court. (Mowers v. State of New York, 168 Misc. 651; Amato v. State of New York, 170 Misc. 136.) It is not necessary to pass upon this question, for we find that by adding the rider to the general release, the claimant, Drusilla L. Coakley, and the Allstate Insurance Company have *834 reformed the contract themselves to express their original intention, and certainly the parties may do voluntarily what a court of equity would have compelled them to do. (Beckius v. Hahn, 114 Neb. 371; Feltham v. Blunck, 34 Idaho 1; Hutchinson v. Chicago & Northwestern Ry. Co., 41 Wisc. 541; 76 C. J. S., Reformation of Instruments, § 44.)
The present situation is not one where one party to a written instrument is attempting to vary its terms by verbal testimony. (Layman v. State of New York, 14 Misc 2d 969.) In this instance, both parties to the agreement discovered the mistake, actually reformed the instrument themselves, and have so testified.
The question of the rights of the State of New York, if any, remain to be considered. The State was not a party to the agreement between the claimant, Brasilia L. Coakley, and the Allstate Insurance Company. It did not participate in negotiations preceding the execution or in the making of the agreement, nor was it a signatory thereto. The State neither parted with consideration, nor changed its position in reliance upon the agreement. It was not a privy thereto nor was it an assignee thereof. The State is not a bona fide purchaser and the reformation of the agreement between the parties left it in exactly the same position it was before any agreement was signed. If the agreement is a general release, the State is the gratuitous beneficiary of the rule of law which states there shall be only one satisfaction for a Avrong. (Rector, etc., St. James Church v. City of New York, 261 App. Div. 614.) Any right the State has is predicated upon this rule but here actual satisfaction was not given or intended, so when the parties proceeded to reform the instrument to express their true intent, the assent of the State of New York was not necessary thereto.
The final contention of the State that the parties to the release in September, 1955, could not in December, 1955, by the execution of a rider, revive a cause of action against the State which had terminated in September, is not valid. As Ave have pointed out supra, there never Avas a satisfaction for the claim, so the cause of action against the State was never, in fact, terminated. Furthermore, “ reformation expresses an intent that should have been but was not made explicit. It is retrospective. It necessarily goes back to the writing of the instrument and it therefore affects the course of any rights and obligations after the origination of the instrument. * * * The controlling time Avas that of the execution of the contract.” (Heath v. State of New York, 278 App. Div. 8, 10, affd. 303 N. Y. 658.)
*835 We have found the parties themselves reformed their agreement.
The State’s motion to dismiss is hereby denied!
Submit order.