Fred A. Young, J.
This claim is to recover damages sustained as a result of an accident which occurred on June 27, 1954, at approximately 6:15 p.m., on Few York State Route 12 in the hamlet of Depauville, Few York.
At 4:30 p.m., on the day of the accident, Caleb J. Coakley had left the home of a friend near Athens, Canada, .driving a 1950 Dodge sedan, which was in good operating condition. Traveling in a southerly direction along the King’s Highway in Canada, Mr. Coakley reached the border and entered the United States. Rain was falling and the windshield wipers were operating. He continued in a southerly direction toward Watertown along Route 12, a highway which he had driven over that morning in the opposite direction but which he had never driven over prior to that day and never in the direction he was traveling at the time of the accident. Accompanying him were his wife and his daughter-in-law, the claimant, Drusilla L. Coakley. At approximately 6:15 p.m., the Coakleys approached the hamlet of Depauville where the accident occurred.
Approaching Depauville from the north there were many physical conditions of importance in the case at bar which presented themselves to a southbound driver. Leading into the hamlet there was a steep hill of 8% grade approximately 1,550 feet long from the crest at the north to a level point in the hamlet. Some 650 feet north of the crest of the hill there was a standard ‘1 slow ’ ’ sign. The pavement, which was a 20-foot 2-lane concrete highway, changed to asphalt macadam 600 feet north of the crest of the hill. The two lanes of the highway were separated by painted white markers. About 522 feet north of the crest, a road intersected Route 12 on the right and 404 feet north of the crest was a standard “ hill ” sign. At a point 130 to 150 feet north of the crest a vertical curve of varying degrees continued southerly about 300 feet or about 150 feet below the crest. Beginning at a point approximately 150 feet below the crest a horizontal curve partially overlapped the vertical curve and continued southerly a distance of 514 feet at a curvature of 4 degrees. A sign, 65 feet north of the crest, read “depauville — speed limit 35 miles per hour”. At a point 146 feet south of the crest and extending south for 92 feet there was a depression in the highway from %- to %-inch deep and 6 to 8 inches wide. An abandoned roadway known as *433 “ 5266” intersected Route 12 from a southeast direction 200 feet south of the crest.
These were the uncontroverted physical conditions confronting Caleb J. Coakely as he approached Depauville. Mr. Coakley observed both the hill and the speed sign before he reached the hill. He further testified that he removed his foot from the accelerator of his vehicle, which had been traveling at between 40 to 50 miles per hour, and as he reached the crest of the hill he estimated the speed of the car to be about 35 miles per hour. As the vehicle started down the hill, Mr. Coakely felt a jolt or rumble in the car and it skidded to the left side of the highway. He attempted to avoid further skidding by applying his brakes and turning the wheel in the direction of the skid but the ear then skidded to the right and again back to the left and on the final skid the Coakley car collided with a northbound car. The collision occurred approximately 175 feet below the crest of the hill. As a result of the accident, Mrs. Helen B. Coakley and claimant, Drusilla L. Coakley, were thrown from the car to the highway. Mrs. Helen Coakley was killed and the injuries sustained by Drusilla Coakley have given rise to this claim.
The claimants contend that the accident and resulting injuries were caused solely by the negligence of the State of New York. The court feels that the issues in this case can be resolved by answering the following questions: (a) Were the conditions at the scene of the accident such as to create a hazard to users of the highway? (b) If such a dangerous condition did exist, was it due to the negligence of the State in constructing the highway and in continuing to maintain the highway in such a dangerous condition? (c) Was sufficient and adequate warning given by the State to users of the highway of the existence of the condition? (d) Was the State on notice of the existence of this dangerous condition?
The State accepted the construction of Route 12 in 1931. Since then until the time of the accident there were no changes made in the highway except for a uniform application of macadam for resurfacing purposes, and the curves, both vertical and horizontal, the steep grade and the road alignment remained the same.
The physical conditions, to a driver approaching from the north, were not only confusing, but presented an extremely dangerous condition. Two highway construction experts testified that the highway was constructed improperly and not within the standards of good engineering practices, and the depressed rut in the surface of the highway, which was immediately prior to the scene of the accident, was not within the standards allowed *434 for variations of smoothness. These opinions were not controverted by any witnesses for the State. With both a vertical and horizontal curve overlapping on this steep grade, in addition to the confusing alignment caused by the abandoned intersecting roadway, there can be no question that the State was negligent in constructing such a highway or in continuing to allow the users of the highway to travel over this area without proper warning of the dangerous condition. Furthermore, the sudden change from concrete paving to macadam, which is admittedly more slippery when wet, increases the hazards to a user in rainy weather as existed at the time of the accident herein.
James P. Lewis, a well-known and reputable businessman of Northern New York, testified that he travelled Route 12 almost every week end to his cottage on the St. Lawrence River. He also stated that for over the past 10 years he had travelled the route about 800 times and had observed the conditions of the road at the scene of the accident in wet and rainy weather. In the opinion of this witness the highway was very slippery when wet and further he considered the hill to be a very dangerous one. Mr. Lewis arrived at the scene of the accident shortly after it occurred, stopped his car north of the scene and walked down the hill to the cars involved. He testified that the highway was exceptionally slippery and he had to take care in walking upon the roadway in order that he would not slip. This was so even though the witness was wearing rubbersole shoes.
As a southbound vehicle approached the hamlet of Depauville the driver could observe a “ slow ” sign which was just prior to an intersection with a small road on the right. About 240 feet further south he then could observe a sign which stated “hill”, and 340 feet further he was given notice of the restricted speed limit through the hamlet. No warning was given by the State of the existing curves in the hill or of the fact that the highway was slippery when wet. A reasonable and prudent driver would in no way be forewarned of the conditions, the combination of which would confront a driver with an extremely hazardous and dangerous situation.
The State has failed to prove its contention that Caleb J. Coakley was traveling at an excessive rate of speed. Furthermore, the State has failed to dispute the testimony of experts that a dangerous condition did exist at and near the scene of this accident both as a result of the State’s negligent construction and maintenance and as a result of failing to give adequate warning of the dangerous situation presented to the users of the highway. The court feels that a dangerous condition did exist and this condition was due to faulty construction and *435 negligent maintenance on the part of the State. Furthermore, we are of the opinion that the warning signs immediately prior to the scene were not adequate and proper warning of this dangerous condition which existed. As stated in Le Boeuf v. State of New York (169 Misc. 372, 377, affd. 256 App. Div. 798, affd. 281 N. Y. 737): “To all of the foregoing, there should be added the additional act or acts of negligence on the part of the State which contributed to this accident, and that is, in view of all other conditions present, it failed to erect warning signs tending to give an east bound traveler some fair and reasonable notice of the situation ahead. There was no warning sign or signal of any kind upon the highway, warning motorists approaching from the west on the concrete portion of the road, that the concrete pavement ends at any distance ahead, and that the road ahead was macadam and slippery when wet and that there was danger ahead because of a sharp curve and descent immediately over the crest of the hill. The only sign or warning was the ‘ Slow ’ sign about 124 feet westerly of the end of the concrete pavement. For several years prior to 1935, there was in common use, various forms of signs indicating or warning motorists of conditions similar to those on this highway. The plan and method of construction of the highway on this hill, taking into consideration the absence of the warning signs just referred to, were not in accord with good engineering practice. In view of the existing conditions at or near the crest of the hill on the highway in question, the failure of the State to give adequate warning by the erection of proper and adequate signs at a reasonable distance from the point of danger, constitutes a serious breach of duty, and created an unnecessarily dangerous condition.” (See, also, Ziehm v. State of New York, 270 App. Div. 876; Smith v. State of New York, 12 Misc 2d 156; Veit v. State of New York, 192 Misc. 205.)
There remains the question of notice, actual or constructive, to the State. Where the State is guilty of faulty construction, no notice is necessary, since the State is deemed to know of its own acts. (Campbell v. State of New York, 18 Misc 2d 947; Timerson v. State of New York, 145 Misc. 613.) Although claimants were unable to show prior accidents which occurred under similar circumstances at the scene in question, the evidence put forth certainly was sufficient to show that a slippery condition upon this part of the highway did exist. In any event, the fact that the slippery surface existed along the highway for several years prior to the accident and the highway was constantly patrolled by the State is sufficient to show at least constructive notice of this condition. (Le Boeuf v. State of New *436 York, supra.) The court, therefore, finds that the State had notice, both actual and constructive, of the dangerous condition which existed along this highway at and near the scene of the accident. (See, also, Sutherland v. State of New York, 189 Misc. 953.)
The question as to contributory negligence on the part of Caleb J. Coakley is not an issue here since, in any event, if he were guilty of contributory negligence it would not be imputed to the claimants. Without making a finding concerning this matter the court is of the opinion that at least one of the contributing causes of this accident was the negligence on the part of the State of New York in allowing this dangerous condition to exist as hereinbefore discussed.
The State, in a separate defense, attempted to show that claimant, Drusilla L. Coakley, executed a full, general release in settlement of any claims she might have against Caleb J. Coakley. A motion by the State to dismiss the claims herein, based on this release, was denied by this court and an exception taken by the State. The court has decided this matter by a separate memorandum (20 Misc 2d 831) and will not make any further mention of the matter herein.
The claimant, Drusilla L. Coakley, was seriously and permanently injured and as a result has had and will continue to have great pain and suffering. As to claimant, Robert J. Coakley, Drusilla L. Coakley’s husband, a considerable and necessary expense was incurred by him for the proper medical care of his wife for which he is entitled to a recovery. Furthermore, due to the injuries suffered herein, Robert J. Coakley has been and will be deprived of his wife’s society, companionship, consortium and services. For the injuries and resulting damages to Drusilla L. Coakley and the losses of Robert J. Coakley, claimants are entitled to a recovery and awards to each are made in an accompanying decision.