■ LAWRENCE J. TELY, Individually and as Administrator of the Estate of ROSE TELY, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 44056.) — HERLIHY, P. J. Appeal from a judgment of the Court of Claims, entered August 15, 1968, awarding damages of $114,262.30 together with interest less prior settlements for wrongful death and personal injuries. The claim arose as the result of an automobile accident which occurred on a portion of Route 6 in Orange County that was being resurfaced. A car proceeding in the opposite direction (hereinafter referred to as the Young automobile) of the respondent crossed from its lane of traffic into the respondent's lane with a resulting head-on collision. At the time of the accident the new pavement was some 20 feet wide with no center lines or markings thereon and was at a height of about four inches above the old highway shoulders which had not yet been filled or brought to grade. The State had signs located at some distance prior to the point of impact which gave ample warning that the highway was under construction. The record establishes that the condition of the highway itself was such as to make it obvious to drivers that reconstruction was in process. The driver of the Young automobile which struck the respondent's vehicle was unable to testify as to the events immediately preceding the accident. The trial court found that the drop-off or ledge of the new surface to the shoulder of the highway was a contributing proximate cause of the accident. The trial court also found that the driver of the other car was negligent in permitting her vehicle to leave the newly paved surface of the highway; and that the State was negligent in not placing signs along the new surface which would indicate that the shoulders were substantially lower than the highway or otherwise alert highway users to the hazardous condition. We reverse the findings of the trial court and find as facts that the failure to have warning signs or devices along the edge of the pavement at the time and place of this accident was not negligence; and that the sole cause of the accident was the negligent operation of the Young automobile. It appears undisputed or, at least, is a fair inference that the Young automobile was proceeding over the construction in a manner different than the other automobiles in " crowded traffic ". A witness testified that when he first observed the Young automobile it was passing other cars and as it

passed his automobile the operator appeared to be in a hurry; that the automobile continued down the road to a point 100–150 feet beyond the automobile the witness was operating and then pulled to the left of the road intending to pass another automobile, did not pass but pulled back — traveling at a speed of 35–40 miles an hour — and in so maneuvering the right rear and possibly the right front wheels of the automobile went off the road onto the shoulder and the driver in attempting to return to the road apparently lost control of the automobile which " then moved very quickly over onto the east bound lane where it collided with Mr. Tely's car ". The accident happened on a sunny and clear Sunday afternoon at approximately 2:00 P.M. where traffic could be observed in both directions for a considerable distance. A mile or more from the scene of the accident the driver of the Young automobile had passed a sign erected by the State in close proximity to the road which read: DANGER — USE CAUTION — CONSTRUCTION 2 Mi.— New York State Dept. of Public Works. The court's finding of negligence is, no doubt, best explained in one of the claimant's findings: " The timely erection or installation by the State of adequate warning signs, devices or delineators, giving notice to westbound Route 6 motorists of the specific danger would, in all probability, have prevented this vehicular collision." It may be well to first consider the sign heretofore described. It gave notice of three things: (1) construction; (2) it was dangerous; (3) use caution. The type of the construction and the resulting danger was due to the road being resurfaced. There is no dispute that on the bright sunny day of the accident all of the witnesses who testified stated that the shoulder condition was visible. The admonition of caution to an ordinary prudent person would be to drive an automobile commensurate with the prevailing conditions and the existence of signs or other devices along the edge of the pavement to indicate the ledge or drop-off would have been superfluous warnings of the obvious hazard. The remaining question is whether any additional signs would have prevented the accident and thus establish the negligence of the State. If we were to assume that the State was negligent for failure to have additional signs and other warnings, we would, nevertheless, find that such negligence did not contribute to the happening of the accident. The driver of the Young automobile did not testify, but from the testimony of the other witnesses it is apparent that if there had been signs or other warnings such would not — due to the manner of the operation of the automobile — have prevented the operator of the automobile from going onto the shoulder and thus, there is no basis for the finding by the court that in all probability the accident would have been prevented by warnings as to the condition of the shoulder. If the driver of the Young automobile had followed the warnings on the sign and had exercised the same degree of caution of the other drivers who testified she would have favored, because of the shoulder condition, the center of the driving lane. It hardly seems necessary to repeat our oft-quoted statement that the State is not an insurer. This court finds that the failure to have adequate signs was not a proximate cause of the happening of the accident and, under the circumstances, the State was not negligent. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Herlihy, P. J.