## (March 25, 1970)

■ PATRICIA H. WILLIAMS, as Administratrix of the Estate of BERTRAM A. WILLIAMS, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 47367.) — *Per Curiam.* Appeal from a judgment entered December 4, 1968, upon a decision of the Court of Claims, which dismissed the claim. The trial court found that the State did not have a sign indicating a sharp curve on Route 6 in the Town of Greenville, Orange County, on August 16, 1966. At this place one Alfred Elkin was driving his car easterly at about 9:50 P.M. in a heavy rainfall and as he attempted to negotiate the curve, his car skidded and he crossed into the westbound lane, thereby colliding with an automobile being driven by the decedent. The highway was under construction at this point, but there were double white lines marking the center of the road. The trial court found that the accident happened solely as a result of the negligence of Elkin, any negligence on the part of the State not being a proximate cause. Mr. Elkin testified that he did not remember seeing the double white lines marking the center of the road and that he was proceeding at a speed of about 20–25 miles per hour at the time he came upon the curve. He further testified that he did not see the curve prior to coming upon it and that his car did not skid until he was approximately one-half of the way through the curve. He admitted that prior to this proceeding he had entered a plea of guilty to a charge of violating the Vehicle and Traffic Law by operating a motor vehicle at an unreasonable rate of speed under the prevailing conditions. The existence of the double white lines, coupled with Elkin's plea of guilty to the motor vehicle charge, created a question of credibility as to his attempted explanations of why he had pled guilty to the motor vehicle offense. The record amply supports the finding of the Court of Claims that the negligence of

Elkin was the sole and proximate cause of the accident. The construction sign indicating a speed of 25 miles per hour with the admonition "SLOW", together with the red flashing light which indicated a construction zone should have placed him on notice to proceed with care and caution in accordance with the prevailing circumstances and conditions. (*Tely* v. *State of New York*, 33 A D 2d 1061; *Foley* v. *State of New York*, 16 A D 2d 90, affd. 13 N Y 2d 684.) The dissent is concerned with factual and legal problems which, under the circumstances, are not germane to the issues presented to this court. Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., and Greenblott, JJ., concur in memorandum *Per Curiam*; Cooke and Sweeney, JJ., dissent and vote to reverse and order a new trial limited to damages, in a memorandum by Cooke, J. Cooke, J. (dissenting). The accident occurred downgrade from the crest of a hill. As the highway stretches easterly from the crest, there is a slight curve to the left, the road straightens out for a short distance as it downgrades and, then, there is a much sharper curve to the right as it continues to decline. There was no sign indicating a curve, much less a reverse one, and the right curve was not visible from the top of the hill at night. As Elkin proceeded down the hill at 20 to 25 miles per hour, he did not see the sharp curve until he came right on it and, in going around the curve during the heavy rain, he hit his brakes harder and his car started to skid at the apex of the curve, then crossing into the westbound lane and colliding head-on with decedent's automobile. On trial, claimant's expert, with impressive qualifications, testified that customs and practice and standards in the State of New York required that a reverse curve sign be placed in advance of the curve to warn a driver of that condition. Although there was a double white line marking the center of the road, there were no delineators or road edge lines; and the expert stated that customs, practice and standards required that the road be delineated by means of reflectors, that temporary delineators be used during construction and that edge lines be painted on the road. This proof as to the curve sign, edge lines and delineators stands uncontradicted. The impact happened in the Town of Greenville, Orange County, on August 16, 1966, on a section of Route 6 which was a part of a construction project, commenced in late 1964 and scheduled for completion by December, 1966. All work on the undertaking had been completed by July, 1965, except that the final course of asphaltic concrete had not been laid, the shoulders had not been stabilized and permanent delineators had not been placed. The situation was the same 13 months later when the collision took place. Claimant's expert further testified that the final layer of asphalt would have provided greater traction than the course exposed at the time because the top layer would have been denser and more uniform, with fewer voids, thus collecting less water and enabling a car to stop quicker when the surface is wet. It was stated also that custom and practice required that the final layer be applied as expeditiously as possible and that, with reasonable engineering certainty, a sufficient time to apply the final layer had passed by the end of the summer of 1965. While the State's assistant civil engineer related that the coarser layer, made of rougher stone and on the road at the time, would give greater traction, he admitted in effect that he was not qualified to give an opinion on that subject. Back in October, 1965, the contractor's superintendent had recommended to the State's assistant civil engineer, who was in charge of the entire project, that the State erect "a sign on the top of the mountain * * * to warn the traveling public about the winding road ahead" and that the State erect signs in addition to the contractor's signs. Additionally, the Supervisor of the Town of Greenville in June of 1966 made oral complaints to the District Engineer of the then State Department of Public Works at Poughkeepsie,

whose territory encompassed said town, as well as to the person to whom he was referred by the latter, complaining of the dangerous condition of the road at the location in question. (Cf. *Karl* v. *State of New York,* 279 N. Y. 555, 557-558.) Dr. Echental on the night of August 14, 1966 at the same location had an accident which was practically a duplicate of the one at bar (cf. *Kaplan* v. *City of New York,* 10 A D 2d 319, 321; Richardson, Evidence [9th ed.], § 201). The Court of Claims dismissed the claim on the ground that the negligence of Elkin was the sole and proximate cause of the accident. The State had submitted a proposed conclusion of law stating it was not negligent "in the design, construction or marking of the highway" and the court initialed it "Refused Except as Found". Although the court's decision does not set forth in what respects it found the State negligent, it seems clear that the court did find that it was negligent. The State is under a duty to maintain its highways in a reasonably safe condition for travel even though the road be under construction (*Beeman* v. *State of New York,* 29 A D 2d 1040; *Goodman* v. *State of New York,* 203 Misc. 945, 948; *Miller* v. *State of New York,* 137 Misc. 768, 770, affd. 231 App. Div. 363) and, of course, this duty includes the erection of warning signs where necessary (*Ziehm* v. *State of New York,* 270 App. Div. 876). In view of the undisputed expert testimony that a curve sign was necessary, the exhibits portraying the sharpness of the curve and the body of proof of notice given to the State, the State was negligent in failing to provide a sign warning motorists of this severe curve. Since there is no proof that the failure to apply the final layer of asphalt in and of itself made the road dangerous for travel even at night or when wet, the State should not be liable for this. The same should be said of the failure to provide edge lines in view of the conceded double white center line, but the absence of the edge lines and the surface layer increased the need for a warning sign indicating the sharp curve to the right (cf. *Hughes* v. *State of New York,* 14 A D 2d 449). If the absence of temporary delineators did not itself constitute negligence, at the very least it further augmented the need for a curve sign. In holding that Elkin's negligence was the sole and proximate cause, the court made certain critical findings. Contrary to as found, Elkin's testimony shows he was apprised of the contruction zone, but not the sharp curve to the right. Neither did the notice and knowledge of the construction zone constitute notice and knowledge of the very sharp curve on the downgrade, as the warning of the former left Elkin totally unaware of the latter, and the court erred in concluding that the construction signs adequately informed Elkin of the existing conditions (cf. *Canepa* v. *State of New York,* 306 N. Y. 272; *Rugg* v. *State of New York,* 284 App. Div. 179, 180-181; *Barna* v. *State of New York,* 267 App. Div. 261, 264, affd. 293 N. Y. 877; *Le Boeuf* v. *State of New York,* 256 App. Div. 798, affd. 281 N. Y. 737; *Coakley* v. *State of New York,* 26 Misc 2d 431, 434, affd. 15 A D 2d 721). In finding that the absence of a curve sign had no bearing on the accident, the court relied on *Applebee* v. *State of New York* (308 N. Y. 502), in which it was held that the absence of a stop sign on a State highway was not a proximate cause of the accident that took place on a clear day with good visibility. There, the court said that the operator had all the warning of danger that a stop sign would have afforded because she knew she was approaching the State highway, that she was going to turn left on it and that she would have to stop before making the turn (p. 508) but, here, Elkin did not know he was approaching a sharp curve and the accident happened at night when raining heavily. The error in the decision under review is in its exclusion of the negligence of the State, established by unrefuted proof of substance, as one of the proximate causes of the accident. This exclusion

is premised on the impermissible assumption or speculation that an adequate sign warning of the curve would not have been heeded by Elkin (cf. *Gurevitch* v. *State of New York*, 284 App. Div. 717, 720, affd. 309 N. Y. 711). It cannot be said with certainty that, even if the State had not been negligent, the accident nevertheless would have happened. In *Rugg* v. *State of New York* (284 App. Div. 179, 182, *supra*), this court said: " The negligence of the defendant cannot be excluded, as one of the actual causes of the accident, unless it can be said with certainty that, even if the defendant had not been negligent, the accident would nevertheless have happened. It is not enough to speculate ' that the same harm might possibly have been sustained had the actor not been negligent' (Restatement, Torts, § 432, comment c)." In *Van Tuyl* v. *State of New York* (6 A D 2d 209, affd. 6 N Y 2d 912), it was held at page 213: " Certainly we may assume that if adequate signs, warning of the curve and of the speed limit required to travel this curve in safety, had been erected they may well have prevented the tragedy which befell the occupants of the Van Tuyl automobile." In *Hulett* v. *State of New York* (4 A D 2d 806, 807), this court observed: " However, the negligence of the State was a concurring cause, which combined with the negligence of the driver in bringing about the accident. The state was obviously negligent in permitting foliage to obstruct the view of the curve sign and in erecting an intersection sign which gave the erroneous impression that Route 22 continued straight ahead. Under the circumstances, the State cannot properly be exonerated from liability on the ground that its negligence was not one of the proximate causes of the accident. The negligence of the State greatly increased the probability of the occurrence of an accident. It cannot be said ' with certainty that, even if the defendant [State] had not been negligent, the accident would nevertheless have happened'." With the fact that Elkin was negligent, issue is not taken. The " question of credibility as to his attempted explanations of why he had pled guilty to the motor vehicle offense " does not alter the fact of the State's negligence as one of the proximate causes of the accident. Insofar as the State was negligent, because said negligence was one of the proximate causes of the accident and, there being no evidence of contributory negligence, justice requires compensation by the State. The judgment should be reversed and a new trial, limited to the question of damages, ordered.