█ FRANCES G. RESTIFO (Formerly FRANCES G. ARMSTRONG), Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 48316.) — Appeal from a judgment of the Court of Claims dismissing appellant's claim after a trial on the merits. At about 9:30 P.M. on November 8, 1965 appellant, a 23-year-old teacher, sustained multiple injuries when her car skidded off Route 43 near the hamlet of Clarksville in the Town of New Scotland, Albany County. At the point where the skid began Route 43 is a two-way, two-lane macadam highway with a speed limit of 50 miles per hour. The appellant testified that she was driving westerly at about 35 miles per hour on a wet highway during a slight rain when, as she approached an area where the grade rose slightly and the road curved moderately to the right, the car suddenly and without warning skidded to the right with the right wheels going off the paved portion of the highway onto the shoulder. Appellant turned the wheel to the left but the car spun around and continued to slide across the road, a total of some 300 feet slightly uphill, went off the left side of the road, knocked down two guardrails and then plunged down the highway embankment, and finally came to rest upside down in an adjacent driveway. In this action the appellant asserts that the cause of the accident was the State's negligence in maintenance and construction of the roadway at the point at which the skid began, and further offered evidence attempting to establish that the State of New York had notice of these conditions since five similar accidents involving vehicles heading in a westerly direction had occurred at the same place when the road was wet and failed to post any warning signs prior to the accident contrary to good practice. The trial court found that the appellant had not established any negligence on the part of the State and that, while he would not "go so far as to say that claimant was guilty of contributory negligence", she had failed to meet the burden by a fair preponderance of the evidence that she was in fact free from contributory negligence and thus dismissed the claim. The instant appeal then ensued. We find no basis on the instant record to disturb the trial court's dismissal. As to the issue of construction, the testimony of appellant's expert was in effect that though the banking of the curve may have complied with standards at the time of the accident, the State should be liable in damages because in 1930 it had designed a curve with banking when none was required thus making it safer than then required. No proof of negligence is thus established. As to the issue of maintenance, while there is evidence that the surface was slippery when wet and that the State should have known of the condition (*Coakley* v. *State of York,* 26 Misc 2d 431, affd. 15 A D 2d 721), there is absolutely no evidence at all that the slipperiness was due to "excessive bleeding" beyond the bold assertion to that effect by the appellant's expert. No evidence was produced as to the proportion of asphalt or "bituminous material" and crushed stone or gravel utilized much less what proportion is proper nor even any evidence as to when or how the pavement was last resurfaced or otherwise treated before the accident, and a mere assertion of slipperiness is not enough (*Coffey* v. *State of New York,* 193 Misc. 1060, affd. 276 App. Div. 1049, mot. for lv. to app. den. 277 App. Div. 831; cf. *Marro* v. *State of New York,* 3 A D 2d 795). Nor do we find any merit in appellant's additional assertions as to improper maintenance as a cause of her accident. Finally, we would agree with the trial court that the claimant did not establish her freedom from contributory negligence at the least. It

was admittedly raining and the blacktop pavement was clearly wet and therefore possibly slippery. Moreover, claimant was "thoroughly familiar" with the road, having traversed it daily for a long time. And yet claimant was concededly accelerating up the hill into the curve and skidded some 300 feet up hill with enough force to crash through guide posts on the opposite side of the road and then carom down an embankment and flip over. It could thus clearly be inferred that claimant was traveling at an excessive rate considering the conditions existing on the curve with which she was concededly "thoroughly familiar" (e.g., *Meshurle* v. *State of New York*, 25 A D 2d 709, affd. 25 N Y 2d 993). Judgment affirmed, without costs. Greenblott, J. P., Sweeney, Simons and Reynolds, JJ., concur; Kane, J., dissents and votes to reverse in the following memorandum: I would reverse and remand this case to the Court of Claims for an assessment of damages. Claimant has established, by a preponderance of the evidence, the existence of a dangerous condition, notice to the State of New York, and prior similar accidents. As far as her contributory negligence is concerned, it is difficult to envision what further proof she could offer to establish her freedom from negligence that would bar her recovery. Furthermore, existing case law supports an award upon the proof presented by the claimant herein (*Coakley* v. *State of New York*, 26 Misc 2d 431, affd. 15 A D 2d 721; *LeBoeuf* v. *State of New York*, 169 Misc. 372, affd. 256 App. Div. 798, affd. 281 N. Y. 737).