■ HERBERT P. HULETT, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 32513.) JUNE HILL, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31645.) CHARLES A. LINCOLN, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31646.) — These are appeals by the claimants from judgments of the Court of Claims dismissing their personal injury claims on the ground that the negligence of the driver of the automobile was the sole proximate cause of the accident. On the night of September 27, 1952, at about 1:30 A. M., the appellant Hulett was the driver of an automobile proceeding in a southerly direction toward the village of Cambridge, on New York State Highway, Route No. 22, in Washington County. The appellants Hill and Lincoln were passengers

in the automobile. Just north of the village, Route 22 turns to the east on a nine-degree or percent curve. A village street, running north and south, cuts into the highway near the beginning of the curve at its northern end. A driver approaching from the north, who failed to observe the fact that Route 22 turned to the left, might well be led to believe that the village street was a continuation of the State highway. Contributing to the risk of this erroneous impression was the fact that there was a row of trees on each side of Route 22 for some distance north of the curve and that there was a row of trees south of the curve on each side of the village street. About 300 feet north of the beginning of the curve there was a sign, 7 feet off the right hand side of Route 22, as seen by one approaching the curve from the north, indicating that the highway curved to the left. There is a dispute as to whether the sign was reflectorized and as to whether the sign was large enough in view of the history of prior accidents at the curve but, in any event, the proof established that the view of the sign by drivers approaching from the north was partially obstructed by foliage growing along the edge of the highway. About 125 feet south of the "curve" sign, there was a reflectorized sign on the same side of the highway, upon which there appeared a diagrammatic symbol which indicated that the highway went straight ahead and that a side road ran into it at right angles from the right. South of the curve, on the right hand side of the village street, there was a sign indicating that Route 22 turned to the left. There was a white line painted along the middle of the pavement of Route 22 which indicated that the highway curved to the left. On the night of the accident, the three appellants had visited several taverns. The driver, the appellant Hulett, had had at least several glasses of beer. He testified that he was driving at between 40 and 45 miles per hour but that he did not see the curve sign despite the fact that his headlights were on. However, he saw the sign erroneously indicating that Route 22 ran straight ahead. He did not realize that the highway turned to the left until his car had left the highway pavement and then he applied his brakes and tried to get his car back on the highway to the east of the village street. Hulett's ability to observe the situation was impaired by the fact that he had suffered an injury to his right eye and he had almost no vision in that eye. The Court of Claims dismissed all the claims upon the ground that the negligence of the State, if any, was not one of the proximate causes of the accident and that the negligence of the driver Hulett was the sole proximate cause. Upon a review of the record, we agree with the Court of Claims that Hulett was guilty of negligence which bars a recovery by him. It may be fairly concluded on the facts that a reasonably prudent person, possessing normal faculties, in the exercise of reasonable care, would have perceived the true situation in time and would have had his automobile sufficiently under control to avoid the crash. However, the negligence of the State was a concurring cause, which combined with the negligence of the driver in bringing about the accident. The State was obviously negligent in permitting foliage to obstruct the view of the curve sign and in erecting an intersection sign which gave the erroneous impression that Route 22 continued straight ahead. Under the circumstances, the State cannot properly be exonerated from liability on the ground that its negligence was not one of the proximate causes of the accident. The negligence of the State greatly increased the probability of the occurrence of an accident. It cannot be said "with certainty that, even if the defendant [State] had not been negligent, the accident would nevertheless have happened" (*Rugg* v. *State of New York*, 284 App. Div. 179, 182). Therefore, the passengers Hill and Lincoln are entitled to recover from the State. The passengers have already received $9,000 each in settlement of their claims against the owner of the car which Hulett was driving. This amount must be credited against any recovery against the State. The appellant,

Mrs. Hill, suffered a dislocated left hip, laceration of the forehead and a compound fracture of the left ankle. There is some residual limitation of movement as a result of the hip injury and the forehead laceration left a permanent scar about two inches long. The ankle joint is very unstable with about 50% loss of motion; a bone graft operation will be necessary to prevent further degeneration and to relieve her of pain but she will have a limp for the rest of her life. Her medical and hospital bills were about $500; the estimated cost of the operation upon the ankle joint is $600 to $700. Because of the pain in her leg, she has been unable to resume her former occupation as a sewing machine operator. She is responsible for her own support and now earns only room and board as a part-time waitress. We appraise her total damage at $18,000 and, deducting the $9,000 received by her, the amount of the award against the State is $9,000. The principal injury suffered by the appellant Lincoln was a compression fracture of the twelfth thoracic vertebra which has resulted in permanent injury. He was fitted with a brace which he will have to wear indefinitely. He now has a foot-drop gait because of which he limps and is prone to trip and fall. He still suffers considerable pain. At the time of the accident, he was an enlisted man in the United States Navy but, since the accident, he has not been able to hold a steady job. His damages are appraised at $20,000 and, after deducting the $9,000 received, the amount of the award against the State is $11,000. The judgment dismissing the claim of the appellant Hulett is affirmed, without costs; the judgments as to the appellants Hill and Lincoln are reversed on the law and the facts and an award of $9,000 is made in favor of the appellant Hill and $11,000 in favor of the appellant Lincoln, with costs. Settle order on notice. Bergan, J. P., Coon, Halpern and Gibson, JJ., concur.