█ CLARA HUTCHINS, as Administratrix of the Estate of RICHARD M. HUTCHINS, Deceased, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 42169.) — *Per Curiam.* Appeal from a judgment of the Court of Claims which awarded damages for the death of claimant's intestate from injuries sustained in an automobile accident found to have been caused by the negligence of the State, in failing adequately to warn of a low shoulder in course .of construction upon the highway where the accident occurred, and that of the operator of an automobile which, after going off the highway and upon the shoulder, returned to the highway, crossed into decedent's lane of traffic and collided with the automobile operated by decedent. There was strong evidence that the driver of the other car was intoxicated and there was some testimony that he was faced with the oncoming bright lights of a third car when he first pulled to his right. The other essential facts are set forth at some length in the memorandum ·decisions upon a prior appeal (27 A D 2d 623) and will not be repeated. Upon the retrial had by our order, the record of the first trial was received in evidence, the State offered additional proof and the claimant rested on the prior record. Upon the second trial, the court found that there were in place, about a mile north of the accident scene, a large sign with the legend "Danger — Construction — Proceed with Care" and another with the words "Low Shoulders"; that there were pot flares on the highway, south of these signs, but none near the point of the accident; and that there were reflectorized delineators at intervals of 200 feet, one being 100 feet north of the accident scene, so that the accident occurred midway between two of them. The court found that these signs did not give "effective" warning, at or close to the point of accident, of the six-inch drop-off; and considered that the delineators alone did not apprise of the particular danger and that pot flares or similar warnings should have been placed in the immediate area. We have reached

the contrary conclusion, however, and find that claimant failed to sustain the burden of proving either that the delineators, in combination with the other warning signs, gave inadequate warning or that (with or without regard to the effect of any oncoming lights) the assumed failure of adequate warning was the proximate cause of the accident, there being no satisfactory indication that additional warning would have prevented the Fisher car, operated, as it was, by a befuddled driver, from going upon the shoulder and thence across the highway to a collision with decedent's car in the northbound lane. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum Per Curiam.