PATRICIA A. KENT, Respondent, *v.* STATE OF NEW YORK, Appellant. (Claim No. 47453.)

Third Department, June 30, 1971.

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch* and *Douglas L. Manley* of counsel), for appellant.

*Vincent Geraci* for respondent.

SWEENEY, J. This is an appeal by the State from a judgment of the Court of Claims, entered November 12, 1969, in favor of the claimant.

The claim arises out of an automobile accident that occurred on July 9, 1966 at about 9:45 P.M. Claimant was a passenger in an automobile being operated by her husband in a southerly direction on Route 32 approximately 12 miles south of Newburgh in the Town of Woodbury. The vehicle was in collision with a northbound one being operated by Vernon Penney, which crossed the highway and struck the Kent car. It was dark. The highway, which the State had just completed resurfacing, was straight and level.

The court found, among other things, that the claimant was free from contributory negligence; that Penney was intoxicated and driving at a high rate of speed; that there was a drop of 5 to 6 inches from the road pavement to the shoulder; that there were reflectorized signs reading " Construction Ahead — Use Caution " at each end of the project; that there were several diamond shaped reflectorized signs reading " Low Shoulder " along each side of the highway. The court further stated, in its opinion, that the immediate cause of the swerving of the Penney vehicle from the highway was uncertain. The court concluded that there was inadequate warning due to the lack of sufficient delineators, painted center and edge lines or other similar warning devices and this constituted negligence and was one of the proximate causes of the accident. We do not agree with this conclusion. The State had the right and duty to resurface the highway. Its obligation to the traveling public, however, was to warn them of any unusual or dangerous condition created by resurfacing. This, we believe, it did. It is significant that the court based its decision not on a negligently created dangerous condition, but on the failure to adequately warn claimant of its existence. This is not borne out by the record. Just before the

Penney car reached the resurfaced area there was a sign advising caution. As the car proceeded northerly it passed several reflectorized signs advising of the low shoulder. Consequently, we cannot conclude that additional warnings would have caused this intoxicated driver to operate his car differently. (*Williams* v. *State of New York,* 34 A D 2d 607.) This leads us to the conclusion and we so find, that the sole proximate cause of this accident was the manner in which Penney operated his vehicle. (*Tely* v. *State of New York,* 33 A D 2d 1061; *Hutchins* v. *State of New York,* 30 A D 2d 737.)

The judgment should be reversed, on the law and the facts, and the claim dismissed.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and SIMONS, JJ., concur.

Judgment reversed, on the law and the facts, and claim dismissed, without costs.