ELEANOR FEDER, as Administratrix of the Estate of LAWRENCE S. FEDER, Deceased, Appellant, v. PORT OF NEW YORK AUTHORITY et al., Defendants, and THEW SHOVEL Co., Respondent. (And Other Titles) — In an action to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County, entered September 3, 1970, as is against her and in favor of defendant Thew Shovel Co., upon the trial court's dismissal of the complaint as against said defendant at the close of the case at a jury trial. Judgment reversed insofar as appealed from, on the law and in the interests of justice, and severance of action and new trial granted upon plaintiff's causes of action against said defendant, with costs to abide the event. The appeal did not present questions of fact. Plaintiff's decedent, a crane operator, met his death on September 6, 1962, when the new motor crane he was operating overturned during the course of its first lifting operation at the site of the Heliport Building on the 1964 World's Fair grounds. Plaintiff's causes of action against defendant Thew Shovel Co., the manufacturer of the crane, were on the theories of negligence and breach of warranty. As above stated, the trial court dismissed the complaint as against Thew at the close of all the evidence. In our opinion, plaintiff is entitled to a reversal and a new trial against Thew because the trial court erred in disallowing a hypothetical question which plaintiff sought to ask of her design and construction expert, Sheiry, upon rebuttal. Contrary to the trial court's ruling, plaintiff did not have to include in the hypothetical question every bit of evidence in the case, both favorable and unfavorable. Any missing or contrary matter could easily have been brought out upon the expert's cross-examination (Richardson, Evidence [9th ed.], § 390). The exclusion of this expert's testimony appears even more damaging when we note that it was

only after plaintiff had rested her direct case that the trial court indicated it did not consider her other expert witness, Dengel, an operating engineer, to be an expert in design and construction and would, on that basis, essentially disregard any testimony he had given. The weight to be accorded the latter expert testimony, we note, is a matter for the jury, not the trial court. Martuscello, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.