■ LYNN W. BEARDSLEY et al., Respondents, v STATE OF NEW YORK, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: This action was brought by claimants, husband and wife, to recover for injuries sustained as a result of a two-car head-on collision which took place on Route 19 approximately one-half mile north of Fillmore. Claimant husband was the sole occupant in his car when the collision occurred around 1:30 A.M. on April 27, 1969 at a point where Route 19 was undergoing reconstruction due to the installation of a culvert pipe under the road. Claimant husband was granted judgment awarding him $100,000 for his injuries and his wife $20,000 for loss of services; the State appeals from it. There is no merit to the State's contention that claimants failed to establish that the accident was due to any actionable negligence on its part. Although it is true that the State is not an insurer of the safety of persons using its highways (*Boyce Motor Lines v State of New York,* 280 App Div 693, 696, affd 306 NY 801), it does have a duty to construct and maintain its highways in a reasonably safe condition (*Canepa v State of New York,* 306 NY 272; *Lyle v State of New York,* 44 AD2d 239) which includes giving adequate warning, by signs or otherwise, of dangerous conditions in the highway (*McDevitt v State of New York,* 1 NY2d 540, 544; *Tamm v State of New York,* 29 AD2d 601, affd 26 NY2d 719). There is sufficient evidence in the record to support the court's finding that the portion of Route 19 where the accident occurred was unpaved, on a lower grade than the paved roadway north and south of it, and of an insufficient width to accommodate the simultaneous passage of two cars traveling in opposite directions. Additionally, it is undisputed that the State erected only two signs for the purpose of warning motorists of the construction, both far removed from the reconstruction area, and that there were neither signs directing a reduction in speed upon approaching the area nor signs informing motorists that the road narrowed ahead. Furthermore, there is evidence that the road was not only inadequately lit at night but also inadequately guarded and barricaded. Therefore, it cannot be said that the finding of negligence on the part of the State was against the weight of the evidence. Nor do we find that the court erred in finding claimant husband free from contributory negligence. As a result of the accident, claimant suffers from retrograde amnesia and cannot recall the facts and circumstances surrounding the mishap. Although the burden rests on claimant to prove his freedom from contributory negligence, due to his particular condition, his burden of persuasion in this regard is lightened (*Noseworthy v City of New York,* 298 NY 76; see *Wartels v County Asphalt,* 29 NY2d 372; *Schechter v Klanfer,* 28 NY2d 228). Additionally, where the defendant creates a highly dangerous condition, which poses a sudden, unanticipated peril, claimant's burden of proof is reduced "close to the vanishing point" (*Wartels v County Asphalt, supra,* p 380). Inasmuch as the record contains ample evidence to support the conclusion that the State created a highly dangerous condition in negligently maintaining its highways and that such negligence was so extreme as to exclude any other

proximate cause for the accident, the factual inference of claimant's reasonable care under the circumstances is adequate. Finally, in light of the medical testimony concerning the severity and permanence of claimant's injuries, we do not find the awards to be excessive. (Appeal from judgment of the Court of Claims,—negligence—highway.) Present—Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.