■ LEO AMON, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59632.)—Appeal from a judgment in favor of claimant, entered September 6, 1977, upon a decision of the Court of Claims. On February 10, 1975, claimant, then an 18-year-old student at the State University of New York at Albany, severed part of his right index finger while operating a table saw in the university's scenery shop. He thereafter filed a claim to recover damages against the State, alleging that his injury resulted from the State's negligence in failing to provide a safety guard over the blade of the saw. Claimant was using a Rockwell table saw, which had a circular blade protruding one inch from the top of the table. In connection with a theatrical production which he volunteered to work for, he had been directed to build a butter churn. He was instructed in the cutting of a compound angle to make slats of wood for the butter churn, and his supervisor cut a "template", a device used to guide a piece of wood at an angle through the blade for an angular cut. The wood to be cut and the template are advanced simultaneously through the blade in order to cut the wood at the desired angle. Claimant's left hand was holding a piece of wood against the template and his right hand was holding a "push stick", a safety device used to push both pieces through the saw blade, and he testified that as he was pushing both pieces through the blade, he "felt a pull and immediately after that my finger was in the blade". There were no witnesses to the accident. At the time of the accident, and for some years prior thereto, the bevel-shaped, clear plastic safety guard supplied by the manufacturer of the saw to cover the rotating blade was broken off and never replaced. The Court of Claims concluded that the State's failure to use the safety guard constituted negligence on the part of the State and awarded claimant $19,350. Upon this appeal, the State first contends that there was no negligence on its part which proximately caused claimant's injuries. It argues that its failure to use the safety guard resulted from a professional judgment by claimant's supervisors that the safety guard was actually a hazard, which experts for the State testified to, and citing *Weiss v Fote* (7 NY2d 579), it reasons that it is not liable for an error of professional judgment. We disagree. Claimant's expert testified that the safest way to

prevent hand contact with the blade, particularly when using a template as opposed to the less dangerous parallel cutting procedure with a single piece of wood, was to use the safety guard supplied by the saw's manufacturer and required by the United States Occupational Safety and Health Administration. The weight to be accorded expert testimony is a matter for the trier of fact *(Feder v Port of N. Y. Auth.,* 42 AD2d 602), and the court was free to accept the testimony of claimant's expert and reject that of the State's *(Trimpoli v State of New York,* 20 AD2d 933). Moreover, it is clear that the error on the State's part was not one of judgment but rather a negligent disregard for the use of the safety guard. Claimant testified that although he was not using the push stick at first, he did use it after being warned. The State contends that if claimant had been using the push stick, it would have been physically impossible for the accident to have occurred as described by claimant. The blade was exposed one inch from the top of the table. The wood claimant was cutting was three quarters of an inch thick, as was the push stick, totaling one and one-half inches. The State reasons that it was physically impossible for a blade exposed one inch to cut his finger which had to be a minimum of one and one-half inches away from the blade. We find this reasoning unpersuasive. It fails to consider not only that claimant was making the more dangerous angular cuts as opposed to ordinary parallel cuts, but also that claimant was not properly instructed as to the use of the push stick. Moreover, claimant testified that he received approximately 10 minutes of instruction with respect to the use of the saw, and although claimant had used the saw on several prior occasions, it was clear that he was inexperienced in the use of angular cuts with a template, which for a nonprofessional, according to claimant's expert, requires a great deal of care and concentration. The State attempts to bolster its argument in this regard by pointing to the testimony of claimant's physician. He stated that the cut on claimant's finger was circumferential, and from this the State reasons that the saw did not enter the tip of claimant's finger, as he claims, but rather entered the side of his finger. However, the physician specifically stated that he did not say that the blade entered the side of the finger but rather that it was a partial circumferential cut. Judgment affirmed, with costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.