■ RICHARD W. OSBORNE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 62218.)—Appeal from a judgment of the Court of Claims, entered September 14, 1979, which dismissed claimant's personal injury claim for failure to sustain his burden of proof in establishing the State's negligence. This is an action to recover for personal injuries sustained by claimant on April 5, 1978 when the tractor trailer being operated by him went off the highway. He maintains that the accident and resultant injuries were due to the negligence of the State in failing to notify him of the heaved and disturbed condition of the highway which caused him to lose control of the vehicle. After trial, the court dismissed the claim on the grounds that claimant failed to sustain his burden of proof in establishing negligence on the part of the State and that it was claimant's operation of his own vehicle that caused the accident. This appeal ensued. Claimant had the burden of proving the State's negligence and proximate cause by a fair preponderance of the evidence (Boyce Motor Lines v State of New York, 280 App Div 693, affd 306 NY 801). More specifically claimant had to establish that it was the condition of the road that caused the accident (Agius v State of New York, 50 AD2d 1049). While claimant did testify that he hit a bump in the road, the court could readily, on this record, conclude that claimant failed to sustain his burden since he also testified he thought he hit a bump and that he assumed he did. The record also contains testimony that the State posted signs warning of the bumps prior to the accident. Considering the record in its entirety, we are of the opinion that there is sufficient

evidence to support the findings and determination of the trial court and they should not be disturbed by us. Judgment affirmed, without costs. Mahoney, P. J., Sweeny, Kane, Main and Casey, JJ., concur.