■ DORN'S TRANSPORTATION, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 63207.)—Appeal from an order of the Court of Claims, entered September 28, 1979, which granted the State's motion to dismiss claimant's property damage claim for failure to file a notice of claim or claim within 90 days as required by subdivision 3 of section 10 of the Court of Claims Act. In view of our decision in *Osborne v State of New York* (78 AD2d 731), the instant appeal is academic and should, therefore, be dismissed. Appeal dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.

■ In the Matter of LA VERNE TT. et al., Children Under the Age of Eighteen Years Alleged to be Permanently Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. DONALD TT. et al., Appellants.—Appeal from orders of the Family Court of Delaware County, entered March 19, 1979 and April 17, 1979, which adjudicated two of appellants' children to be permanently neglected, terminated appellants' parental rights relative to the children, and freed the children for adoption. Appellants are husband and wife, and pursuant to a July 15, 1977 order of the Family Court of Delaware County two of their children, La Verne and Amanda, were placed under the care and custody of respondent Delaware County Department of Social Services and also placed in foster care for a period of 18 months. The order further provided that the visitation rights of appellant mother Eska would be set at the discretion of respondent, and appellant father Donald, with a past history of sex crimes, was denied visitation rights altogether. Donald was further directed to live separate and apart from his wife and a third child living with her and not to enter the building where his wife was living. Subsequently, by petitions dated October 25, 1978, respondent commenced the present proceeding which culminated in orders adjudicating La Verne and Amanda as being permanently neglected, terminating appellants' parental rights relative to the two children and freeing the two children for adoption. This appeal ensued. We hold that the challenged orders of the Family Court should be sustained. Since La Verne and Amanda were placed in foster care on July 15, 1977, appellants have failed utterly to make any suitable and reasonable plans for the future of the two children. They resumed living together in open defiance of the court, frequently moved without apprising respondent of their whereabouts and ultimately left the State to reside in Pennsylvania. When they were able to discover appellants' whereabouts, not only did caseworkers often find appellants' various residences unsanitary and otherwise unsuitable for the return of the children, but also by their frequent changes of residence appellants effectively frustrated respondent in its efforts to aid them in planning for their children's future and in efforts to encourage and strengthen the family relationship. Under these circumstances, the court properly determined that La Verne and Amanda were permanently neglected as that term is defined in section 384-b (subd 7, par [a]) of the Social Services Law. Orders affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.