■ SAMI I. BOULOS, as Administrator of the Estate of SAAD I. BOULOS, Deceased, Respondent-Appellant, et al., Claimant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 60331.) — Cross appeals from a judgment in favor of claimant, entered May 6, 1980, upon a decision of the Court of Claims (Murray, J.). The decedent, driving alone in a 1968 Oldsmobile on Route 208 in the Town of New Paltz, New York, at about 3:00 P.M. on a rainy afternoon, failed to negotiate a curve at or near the intersection of Watch Hill Road, skidded off the pavement and onto the shoulder of the road, knocking down several trees and shrubs, and finally stopped against a large tree 124 feet from where the automobile left the pavement and about 50 feet from the edge of the road itself. The automobile, as shown in the exhibits, was heavily damaged. The road was constructed in 1933 and there was, at the scene of the accident, a sharp curve which had been the scene of numerous other accidents. However, the record shows that these accidents had been caused in most instances by unreasonable speed, intoxication and tire failure, and that a summons for unreasonable speed was issued to the decedent. The road was posted for 45 m.p.h. and there were curve signs. The decedent was familiar with the road. As the result of complaints concerning accidents at or near this scene, the State had macadamized the road and otherwise improved its condition, including widening and repairs to the shoulder. A stop sign had also been posted on the Watch Hill Road. Several guardrails had been knocked down about two days before the accident, but none of these events were attributable to causing the present accident. The claimant's contention appears to be, and the trial court found, that the State was negligent "in the construction or signing of Route 208 in the vicinity of the * * * accident". It should be noted that claimant additionally contends that the transitional warping and superelevation of the roadway were negligently maintained and were also a cause of the accident. This was premised upon the testimony of the claimant's expert who, upon cross-examination, admitted that less than one fourth of an inch of elevation was the differential between the actual condition of the roadway and its required standard at the particular point of the accident. There should be a reversal of the judgment and a dismissal of the claim. There is no proof of any negligence on the part of the State that was a proximate cause of the happening of this unfortunate accident. While the doctrine of *Noseworthy v City of New York* (298 NY 76, 80) applies to this

claim, it is difficult to overlook the undisputed facts as to the operation of the decedent's automobile as set forth herein. The State is not the insurer of the safety of its roads and no liability shall attach unless the negligence of the State in maintaining the road was the proximate cause of the happening of the accident. The State, of course, has the duty to construct and maintain its highways in a reasonably safe condition in accordance with the terrain encountered and the traffic conditions to be reasonably apprehended. The highway may be said to be reasonably safe when people who exercise ordinary care travel over it in safety, and the trial court could impose no greater responsibility or degree of care on the State. (See *Gambino v State of New York,* 28 AD2d 629, affd 24 NY2d 906.) The record is barren of any proof that the driver of the automobile left his proper lane of traffic because of any negligence on the part of the State. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.