OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
*715 Decedent was fatally injured on the afternoon of June 23, 1974, when his 1968 Oldsmobile went off a curve on Route 208 and struck several trees. Claimant, the administrator of decedent’s estate, brought an action against the State for wrongful death and pain and suffering. The Court of Claims found that the State negligently constructed and maintained the highway and that this negligence was the proximate cause of the accident. The Appellate Division reversed, on the law and the facts, and dismissed the claim.
The weight of the evidence supports the determination of the Appellate Division that the roadway was not improperly constructed or maintained. Although there had been a number of prior accidents on the same section of highway, the record indicates that the bulk of these accidents were caused by such factors as excessive speed, alcohol, driver error, or tire failure.
Claimant introduced testimony by local residents that they occasionally experienced difficulty controlling their cars while negotiating the curve. In addition, claimant’s expert testified that the road was not properly banked. The State, however, presented evidence to the contrary through its own expert, who had conducted extensive tests of the road before decedent’s accident in response to complaints by local officials and residents. Not only was the testimony of the State’s expert extensive and detailed, but claimant’s expert stated on cross-examination that the difference between the actual “super-elevation” of the roadway at the point where the accident occurred and what was called for under the required construction standard was only one-quarter inch. Under the circumstances, disturbance of the determination of the Appellate Division is not warranted.
Claimant also argues that the State negligently failed to timely repair the guardrails along the curve. The guardrails were knocked down on a Friday night and decedent’s automobile went through the gap on the following Sunday afternoon. Claimant, however, did not raise the absence of guardrails in his original claim and did not develop this point at trial. Indeed, plaintiff introduced no evidence as to whether repairs reasonably should have been made within that time. Thus, there was no basis for liability in this regard.