■ CARLA HUMPHREY, as Administratrix of the Estate of DANIEL J. HUMPHREY, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 61839.) — Appeal from a judgment in favor of claimant, entered October 9, 1981, upon a decision of the Court of Claims (Hanifin, J.). At about midnight on the night of his fatal accident, decedent was driving alone west on New York State Route 7. At Sanitaria Springs in Broome County, he came to a right-hand turnoff, with a sign "To I-88" and a Route 7 marker with an arrow pointing to the right. He continued straight on past this turnoff, and nine tenths of a mile later came upon another Route 7 marker. Then came two sets of sharp right-turn arrows and 15 mph signs. Near the second set, about two miles beyond the Sanitaria Springs turnoff, the road, which had been a two-lane highway, expanded to two westbound lanes, and there was a second right-hand turnoff with two more route marker signs: "To 7" and "369", both with arrows pointing to the right. This Route 369 turnoff was divided at the intersection by a triangular island on which was a sign with another arrow pointing to the right. Defendant continued past the Route 369 turnoff. The highway now widened to four lanes and curved to the left. In the next three tenths of a mile there were two dead-end signs and then a 130-foot-long unpainted metal barrier at a 17-degree angle to the roadway, with a stop sign and four yellow hazard markers above it.* Double yellow dividing lines running down the center of the highway on which decedent was driving continued beyond the Route 369 turnoff into the four-lane dead-end section and ended shortly before the barrier. Decedent angled left at the barrier and, just beyond it, left the pavement and crashed into a gravel embankment. Decedent's widow and administratrix of his estate commenced this action, alleging that the State's negligence in construction, design, maintenance and signing of this portion of the highway caused decedent's death. Following a trial, the Court of Claims found the State to be 60% responsible and decedent 40% responsible for the damages claimant sustained. The State is appealing only the liability portion of the decision. Upon a review of the record, we find that it clearly supports the trial court's conclusion concerning the negligence of the State. The State owes a duty to the users of its highways to give adequate and unambiguous warning of the conditions and hazards on its highways (*Beardsley v State of New York*, 57 AD2d 1061; *Tamm v State of New York*, 29 AD2d 601, 602, affd 26 NY2d 719). At trial the State indicated that all nonlocal westbound traffic on Route 7 was intended to be directed onto I-88 at the Sanitaria Springs turnoff. The Route 7 sign located nine tenths of a mile beyond this turnoff was, therefore, erroneous; the State's expert conceded that it should have been covered. The double yellow dividing lines on the highway continuing beyond the Route 369 turnoff into the dead-end section, coupled with the widening of the highway there to four lanes, certainly indicated that the road continued on to the west, especially to someone such as decedent who was unfamiliar with the road. Moreover, anyone who followed the yellow line would be guided directly into the north end of the barrier. While the angular placement of the barrier across the highway caused it to appear to be a

* The dead end resulted from the construction of I-88, which crossed the highway decedent was on just beyond this point. The barrier prevented traffic on decedent's highway from running directly into the new interstate.

guiderail, as such it acted to redirect vehicles off the pavement. This combination of signs and warnings had been in place for two to three months prior to decedent's fatal accident. Additionally, I-88 parallels this dead-end section, and headlights of the eastbound traffic on I-88 seriously impaired the visibility of the signs in the dead-end section for westbound drivers there. Employees at an oil company located on this dead-end section of the road testified that every day during that two- to three-month period several vehicles — including a tractor trailer, a tour bus, a van, and other trucks and passenger cars — mistakenly drove into the dead-end area, and several were involved in near or minor accidents as they attempted to avoid hitting the barrier-guiderail. An employee had called the Department of Transportation several times to complain, thus providing the State with ample notice of the dangerous situation. Therefore, it cannot be said that the findings that the State was negligent and its negligence was a proximate cause of decedent's accident were against the weight of the evidence, especially in light of the lessened burden of proof required for a plaintiff in a death case (*Wragge v Lizza Asphalt Constr. Co.,* 17 NY2d 313, 320; *Noseworthy v City of New York,* 298 NY 76). This was not a situation where there was no evidence as to what caused the car to leave the highway (see, e.g., *Lyle v State of New York,* 44 AD2d 239, affd *sub nom. Murray v State of New York,* 38 NY2d 782, 784). Nor was it a situation where the accident would have occurred even if the State had not been negligent (see, e.g., *Hicks v State of New York,* 4 NY2d 1, 7; *Kent v State of New York,* 37 AD2d 119, 121, affd 31 NY2d 688; *Tely v State of New York,* 33 AD2d 1061, 1062). Nor is the fact that decedent had .17% blood alcohol at the time of the accident a supervening cause as a matter of law, exonerating the State from liability. On the contrary, the negligence of the State was a concurring cause of the accident, greatly increasing the probability of its occurrence (*Hulett v State of New York,* 4 AD2d 806, 807; see, also, *Beardsley v State of New York,* 57 AD2d 1061, *supra; Ziehm v State of New York,* 270 App Div 876). Judgment affirmed, with costs. Main, Casey, Weiss and Levine, JJ., concur.

Kane, J. P., dissents and votes to reverse in the following memorandum. Kane, J. P. (dissenting). It is my view that a fair interpretation of the uncontradictable physical facts and supporting expert proof clearly demonstrates that there was no negligence on the part of the State which was a proximate cause of this tragic accident. The only reasonable conclusion I can draw is that this decedent operated his motor vehicle in an intoxicated condition at a constant speed of 50 to 60 m.p.h., never applying his brakes, past two 15 m.p.h. warning signs, two "dead end" signs and other obvious warning devices, and crashed headlong into a well-marked highway barrier. Under such circumstances, the State should not be cast in liability (*Boulos v State of New York,* 82 AD2d 930, affd 56 NY2d 714; *Kent v State of New York,* 37 AD2d 119, affd 31 NY2d 688; *Tely v State of New York,* 33 AD2d 1061). I would reverse the judgment and dismiss the claim.