■ YVONNE LA VOIE, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 59998.) — Appeal from a judgment in favor of claimant, entered November 24, 1981, upon a decision of the Court of Claims (Murray, J.). On November 19, 1974, claimant, then a second-year student at the State University of New York at Albany, was burned on her face and upper chest when ether ignited while she was conducting a chemistry experiment in a university laboratory. The experiment involved separating various chemicals from a mixture by the use of ether as a solvent. After heating the mixture with a Bunsen burner, claimant brought a flask of ether back to her laboratory table from the fume vent hood where it was stored. She poured some of the ether into a funnel and set the flask containing the remainder down on her lab table, about 2½ feet from a lighted Bunsen burner. Within seconds, fumes from the ether flask caught on fire, burning claimant. She thereafter filed a claim to recover damages against the State, alleging that her injury resulted from the State's negligence in failing to provide adequate warnings about the flammability and volatility of ether. The Court of Claims concluded that safety warnings were inadequate and that claimant was free from contributory negligence, and awarded claimant $45,000. This appeal ensued. Prior to the accident, claimant had received the following warnings concerning use of ether. At the beginning of a general chemistry course she took in the fall of 1973, over a year before the

---

instant accident, the professor gave an introductory lecture in which he mentioned that flammable liquids should not be used near a Bunsen burner. A four-page handout in connection with that lecture included ether in a list of flammable substances. Similarly, at the beginning of the organic chemistry course claimant was taking in the fall of 1974, there was an orientation and safety lecture and a handout summarizing laboratory procedures and safety instructions. Finally, assigned reading in claimant's organic chemistry textbook included a warning not to use a flammable liquid near a flame. It was undisputed, however, that no warning was given by the laboratory instructor on the day of the experiment or included in the detailed text of the experiment itself. Furthermore, the laboratory instructor was present in the lab during the experiment and in fact was standing only three or four feet away from claimant when the accident occurred. Considering the extremely volatile and dangerous nature of ether, these facts may present a close question as to whether the warnings given were sufficient to avoid negligence on the State's part or to create contributory negligence on claimant's part. If, however, on examination of the entire record, we find that the findings and conclusions of the trial court are not against the weight of the credible evidence or contrary to law, we should not disturb them (*Huertas v State of New York,* 84 AD2d 650; *Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052, 1053). The expert witnesses gave conflicting testimony as to the adequacy of these warnings, and the court was free to accept the testimony of claimant's expert that the warnings were inadequate and to reject the testimony of defendant's experts (*Amon v State of New York,* 68 AD2d 941, 942). Moreover, the State's expert, the professor who taught the organic chemistry course claimant was taking at the time of the accident, testified that his laboratory instructors were supposed to discuss a new experiment with the students at the beginning of each laboratory, and that to be absolutely safe, before anyone used ether outside the fume hood *all* Bunsen burners should be turned off. At the time of the accident, several Bunsen burners besides claimant's were lit. Another chemistry professor and expert for the State testified that he gave televised instructions at the beginning of every lab session for his courses, in which he pointed out any specific safety concerns involved in that lab. Furthermore, it was uncontested that claimant had little or no prior experience with ether. On this record, we cannot say that the court's findings were not amply supported by the evidence. Nor do we find the damages excessive. Accordingly, the judgment should be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.