■ EDNA F. BOYLE, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 61113.) — Appeal from a judgment of the Court of Claims (Murray, J.), entered October 27, 1981, which dismissed the claim. Claimant seeks to recover for injuries sustained by her when the car she was operating left the highway and struck a guardrail. It was dark and snowing at the time of the accident. Claimant was proceeding northerly towards Albany. The highway was downgrade, slippery and curved to claimant's right. The record further reveals that claimant was unable to control the car and it crossed to the left side of the highway with the car's left front wheel going onto the shoulder. She was unable to steer the car back onto the pavement and it struck the guardrail which was a "W" shaped, corrugated metal strip attached to upright railroad rails. On impact, one of the supporting rails sheared and the "W" shaped rail tore away from the post. A subsequent supporting rail did not break and caused claimant's car to come to a sudden, violent stop. After trial, the court found that the State was not negligent and that its actions were not the proximate cause of the injuries sustained. The State has the duty to maintain its highways, including the shoulders, in a reasonably safe condition (*Boulos v State of New York*, 82 AD2d 930, 931, affd 56 NY2d 714). Claimant, on the

other hand, has the burden to prove that the highway was not so maintained and such constituted negligence which was a proximate cause of the accident (see *Osborne v State of New York*, 78 AD2d 731). More specifically, claimant contended that the State was negligent in maintaining the highway with a four- to six-inch drop-off from the highway to the shoulder in violation of State specification. Claimant also contends that the guardrail, which was constructed in 1941, became in need of repair in 1976 and the State replaced four cables with "W" shaped corrugated metal guardrails using many of the same posts again, contrary to State specification. This, claimant urges, constituted negligence. On the latter issue, it is significant that a State engineer stated that the work done in 1976 was in the nature of repair to the damaged cable guardrail. The court was free to accept this testimony and, consequently, conclude that it was not in violation of the specifications which apply to new construction. In any event, the court found that as a matter of fact negligence was not established on the part of the State. As to the other contention, there was no testimony that the drop-off to the shoulder caused claimant to strike the guardrail, therefore, the court could reasonably conclude on the entire record that there was no negligence on the part of the State which was a proximate cause of the accident. The court could also reasonably conclude that the accident was the result of other causes such as the weather conditions and the fact that claimant was unable to control the vehicle. As these findings are not contrary to law nor against the weight of the credible evidence, we should not disturb them (*La Voie v State of New York*, 91 AD2d 749, 750; *Shipman v Words of Power Missionary Enterprises*, 54 AD2d 1052). The judgment, therefore, should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.