■ CHARLES WEISSMAN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 64394.) — Appeal from a judgment of the Court of Claims (Murray, J.), entered June 8, 1982, which dismissed the claim. This is a claim to recover for personal injuries sustained by claimant on August 21, 1978 allegedly due to the negligence of the State. On that date claimant, who was then 22 years of age, went to the Off-Campus Housing Office of the State University at Albany to look for off-campus housing. It was his first visit to the office. Available apartments were listed on a window in the lounge. Approximately six feet in front of the apartment listings was a glass showcase in which a map of the Albany area was usually displayed. The showcase was three to four feet high. Claimant observed others sitting on the showcase. He also sat on the showcase and as he was getting off for the second time he pushed on the top of the case with his hand and the glass broke, cutting his left wrist. The hospital record indicates that claimant was five feet eight inches tall and weighed 140 pounds. The record also reveals that there were chairs in the room and a couch on which claimant sat for a time. At both the end of claimant's case and at the end of the trial, the court reserved on the State's motion for judgment pursuant to CPLR 4401 but thereafter in a written decision granted the motion. This appeal ensued. The critical issue is whether the State was negligent in failing to foresee that someone would use the glass showcase as a place to sit to read the apartment listings. The law is clear that under the circumstances the State owes a duty to use reasonable care against foreseeable danger (*Basso v Miller,* 40 NY2d 233, 241). The facts are substantially undisputed and on the facts the court concluded that the State was not negligent in placing the showcase where students gather. On this record it could properly so conclude (*Scurti v City of New York,* 40 NY2d 433, 442). Manifestly, the glass showcase was not placed in the room as a place to sit. There were chairs there for that purpose. The fact that the showcase was near the apartment listing does not alter the situation. We are unable to conclude upon the present record that the findings and determination of the Court of Claims are against the weight of the credible evidence or contrary to law. Consequently, we should not disturb them (*La Voie v State of New York,* 91 AD2d 749, 750; *Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052). There should be an affirmance. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.

■ In the Matter of JOSEPH PETERS, Petitioner, v MARIO M. ALBANESE, as County Judge of Fulton County, et al., Respondents. — Application, pursuant to CPLR article 78, for judgment in the nature of prohibition, denied, and petition dated May 13, 1983, dismissed. Initially, since petitioner seeks to review a claim of double jeopardy, this proceeding lies (see *Matter of Di Lorenzo v Murtagh,* 36 NY2d 306, 309-310). However, since the first count of the indictment was properly reinstated (CPL 440.10, subd 7), petitioner is not entitled to the relief sought. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.