■ MERRILL TRANSPORT COMPANY, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 63322.) — Appeal from a judgment in favor of claimant, entered October 26, 1982, upon a decision of the Court of Claims (Koreman, P. J.). On or about February 9, 1978, Michael E. Kelley was operating a tractor hauling a tanker-trailer laden with 7,700 gallons of fuel oil. The vehicle was owned by claimant and was proceeding up ramp "WB" leading from Interstate 90 to Interstate 87, better known as the Northway. As the vehicle was about to leave the ramp and enter Interstate 87, it went out of control and the tanker overturned, spilling its contents onto the highway. The accident site's proximity to the adjacent waters, known as the "Six-Mile Water Works", further increased the necessity of an immediate and thorough cleanup which was accomplished at a cost of $50,236.40 to claimant. It is that expenditure which claimant seeks to recover. The trial court found that the ramp was negligently constructed and that the signs were improperly placed and that further signing, warning of the dangers to be encountered, was necessitated in light of the existing conditions and that these failures were proximate causes of the accident. The trial court also found claimant's operator actionably negligent to the extent of 20% and thus rendered a judgment in favor of claimant in the sum of $40,189.12 with interest thereon. The State appeals, contending that a slight variance in the superelevation of the ramp did not constitute negligence and was not a proximate cause of the accident and that the court's findings of negligence in construction and signing and of proximate cause were contrary to law and to the weight of the evidence. In reviewing these findings of fact, the record should be reviewed in a light most favorable to sustain the judgment (*Parone v Rivers,* 84 AD2d 686) and we should not disturb the findings and determinations of the trial court if they are not against the weight of the credible evidence or contrary to the law (*La Voie v State of New York,* 91 AD2d 749, 750; *Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052, 1053). Having so reviewed this record, we conclude that the judgment must be affirmed. Of course, the State is not the insurer of the safety of its roads and no liability attaches unless the negligence of the State is the proximate cause of the accident (*Boulos v State of New York,* 82 AD2d 930, 931, affd 56 NY2d 714). However, the State has a duty to construct and maintain its highways in a reasonably safe condition in accordance with the terrain encountered and the traffic conditions to be reasonably apprehended (*id.*). In reviewing the testimony relevant to claimant's allegations that the State was negligent in the construction of the ramp, we find testimony of claimant's expert that the banking or superelevation requirements failed to comply with the appropriate standards and were not in accordance with good engineering judgment. Not surprisingly the State's experts disagreed in large measure, thus presenting little more than the classic conflict and we know that "something more than a mere choice between conflicting opinions of experts is required before the State * * * may be charged with a failure to discharge its duty to plan highways for the safety of the traveling public" (*Weiss v Fote,* 7 NY2d 579, 588). However, at bar there is that "something more" for the evidence reveals that the banking was not provided in accordance with the plans and that this variance was, with the shifting liquid cargo, the proximate cause of the tanker's failure to negotiate the turn. We have held that proof of negligent road construction

exists where the evidence indicates that the State has violated its own specifications or standards (see *Waddingham v State of New York,* 90 AD2d 855; *Wingerter v State of New York,* 79 AD2d 817, 818, affd 58 NY2d 848). Hence, the trial court's finding of negligent construction as a proximate cause of the accident was neither contrary to law nor to the weight of the evidence. Turning next to the alleged negligence of the State for inadequate signing, it is settled law that the State owes a duty to the users of its highways to give adequate and unambiguous warning of the conditions and hazards on its highways (*Humphrey v State of New York,* 90 AD2d 901; *Beardsley v State of New York,* 57 AD2d 1061; *Tamm v State of New York,* 29 AD2d 601, 602, affd 26 NY2d 719) and the State is proximately liable for injuries caused when it has notice of a dangerous highway condition and, having such notice, neglects to place adequate warning signs (*Humphrey v State of New York, supra; Wingerter v State of New York, supra; Fisher v State of New York,* 78 AD2d 952, 953; *Brock v State of New York,* 58 AD2d 715, 716). Expert testimony indicated that the signing was inadequate and improper and not in accordance with the Manual of Uniform Traffic Control Devices. Moreover, the State, in 1976, was aware that the ramp speed should be reduced because of its geometric features and, most significantly, the State knew that in the six years immediately preceding this accident there were more than 80 accidents on this ramp, a substantial percentage of which involved tractor-tanker rigs. While these accidents prompted investigation and study prior to this accident, no appropriate corrective action was taken. Accordingly, the trial court's findings that the State was negligent in the signing of the ramp and that such negligence was a proximate cause of the accident are overwhelmingly supported by the record. Next, contrary to the State's assertion, neither *Atkinson v County of Oneida* (59 NY2d 840) nor *Ball v State of New York* (96 AD2d 1139) precludes recovery in this case. Both cases involved operators who were driving their personal cars at an intersection they had traveled almost daily for many years. These drivers were concededly approaching a stop sign, the existence of which they had known for years, and, yet, they failed to obey its mandate. The courts very reasonably held that, under these circumstances, inadequate signing could not be deemed to be the proximate cause of the accident. The situation at bar is decidedly different. Claimant's operator had traveled on the ramp several times before without difficulty but, on the day of this accident, was operating a different type of rig with unfamiliar characteristics on a ramp with subtle geometric design deficiencies about which the State was under a duty to warn travelers. Lastly, the trial court noted that claimant's driver's speed, though it presented no problems in his previous trips over the ramp, was slightly in excess of the posted recommended, not mandated, speed, and found this conduct to be a contributing proximate cause. Accordingly, the trial court deducted 20% from claimant's recovery. The court's interpretation of the evidence was genuinely fair and must be affirmed. Judgment affirmed, with costs. Sweeney, J. P., Kane, Main, Mikoll and Levine, JJ., concur.