■ HARRY E. HEARN et al., Respondents, v STATE OF NEW YORK, Appellant.—Harvey, J. Appeal from a judgment in favor of claimants, entered December 14, 1988, upon a decision of the Court of Claims (Lyons, J.).

On May 22, 1985 claimant Harry E. Hearn (hereinafter claimant) was injured on his way home from work when a moped he was driving on the shoulder of State Route 146 in the Town of Clifton Park, Saratoga County, tipped over. The accident happened in an area under reconstruction. Claimant thereafter commenced this action alleging that the State was negligent in many respects. Following a trial with both sides producing expert testimony in support of their positions, the Court of Claims concluded that the State was negligent in failing to post adequate warning signs and that said negligence was a proximate cause of the accident. Total damages were assessed but those figures were reduced by 50% due to a finding of culpable conduct on the part of claimant. This appeal by the State followed.

The evidence clearly established that the segment of Route 146 was in the process of being resurfaced at the time of claimant's accident. The evidence is clear that it was being carried out in conformance with procedures which had been in existence for some period of time and in uniformity with other resurfacing procedures in the State. The object was to com-

pletely resurface the highway with bituminous asphalt. The first step in the process was to prepare the existing surface of the main highway to facilitate the adherence of new asphalt to that of the old. After accomplishing that procedure, a paving machine laid down new asphalt to a depth of 1½ inches over the existing asphaltic surface. At the time of resurfacing of the main line of the highway and later, a process described as truing and leveling took place on the shoulders of the highway. This process was to prepare a surface roughly at the same elevation as the prior surface of the main line before its resurfacing. This often resulted in the buildup of the shoulder to a height 1½ inches lower than the newly resurfaced main line. During this process potholes and other indentations in the shoulders were filled to accommodate the operation of the paving machine ultimately used to pave the shoulders. The shoulder where the accident occurred had not been previously paved. At the time of the accident, the truing and leveling process was being accomplished but the shoulder had not yet been paved.

The evidence introduced by claimant, including that of his expert witness, was most misleading. It appeared from the hypothetical question asked of claimant's expert witness that the accident was caused by the dropoff of 1½ inches from the newly paved main line of Route 146 to the shoulder level. However, by claimant's own testimony, his moped was completely off the repaved section of the main line and on a blacktop patch on the shoulder. Therefore the standards expressed by claimant's expert were entirely inappropriate.

The Court of Claims found claimant to have been negligent in the operation of his moped. His testimony was that the wheel of his moped got caught in a groove in the shoulder of Route 146. The accident occurred at approximately 4:00 P.M. on a bright and sunny day. Claimant does not complain of any condition which obscured his view of the highway over which he was driving. It is clearly evident from the photograph of his moped that he had a very close view of the highway in front of him. If there was any type of a depression which would have been hazardous to the operation of his vehicle there was no reason for not discovering such condition in time to avoid driving into it. Claimant does not contend that he saw the condition before encountering it, nor does he offer any explanation as to why he did not. Clearly, the court correctly found that claimant was negligent in the operation of his vehicle.

The attributed negligence of the State is a different matter.

Taking into consideration the fact that reconstruction of the highway was being accomplished in order to bring it up to State standards, the Court of Claims found no negligence as to the condition of the highway. We agree.

Turning to the adequacy of the State's warning signs, the evidence at trial established that, prior to commencement of the repaving, "Road Work Ahead" signs were posted and, at appropriate times depending upon the stage to which the work had progressed, "Flagman" and "Low Shoulder" signs were also posted. The Court of Claims found from the evidence at trial that the warnings and devices mandated by the Manual of Uniform Control Devices were installed at the required places and times. The court noted the testimony of one expert that the use of cones or barrels along the shoulder was inadvisable because they would have unnecessarily deterred motorists from using the shoulder for emergencies. The court went on to find, however, that the "Low Shoulder" signs and other signs in place at the time were inadequate to warn a moped operator of the hazardous and uneven shoulder conditions created by the construction work in progress. As a result the court found that the State breached its duty to maintain its highways in a safe condition for all lawful uses of the road, including the operation of mopeds or motorcycles.

With this conclusion we cannot agree. Assuming, arguendo, that the warning signs posted by the State were deficient despite their conformity with the applicable manual, claimant's own testimony negates the inference that the lack of more specific signs or warnings was the proximate cause of the accident. It is well established that the State is not the insurer of the safety of its roads and no liability will attach unless the ascribed negligence of the State in maintaining its roads in a reasonable condition is the proximate cause of the accident (see, Merrill Transp. Co. v State of New York, 97 AD2d 921; Boulos v State of New York, 82 AD2d 930, 931, affd 56 NY2d 714). Here, claimant specifically testified that he saw no construction or warning signs or even indications of recent construction at the relevant location prior to his accident despite the well-documented evidence in the record that signs were in place and work-in-progress was evident. Consequently, the Court of Claims opinion that the warning signs were insufficient is clearly irrelevant because of claimant's inattentiveness to the signs which were posted and to the actual condition of the highway (cf., Kent v State of New York, 37 AD2d 119, affd 31 NY2d 688). Since the evidence fails to establish that any negligence of the State contributed to this

accident, reversal is necessary *(see, Tely v State of New York,* 33 AD2d 1061; *Hutchins v State of New York,* 30 AD2d 737).

Judgment reversed, on the law and the facts, without costs, and claim dismissed. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.