■ JOHN H. BAILEY, SR., et al., Respondents, v STATE OF NEW YORK, Appellant.—Harvey, J. Appeal from a judgment in favor of claimants on the issue of liability, entered December 14, 1988, upon a decision of the Court of Claims (Lyons, J.), following a bifurcated trial.

This claim results from a moped (motorized bicycle) accident which occurred at approximately 3:30 P.M. on May 29, 1985. It was a clear dry day and claimant John H. Bailey, Sr. (hereinafter claimant) was operating his moped in a southerly direction on State Route 146 in Saratoga County where a highway repaving project was in progress, although no work was being done at the time of the accident. At the point where the accident occurred, State crews had resurfaced the main traveled portion of the highway with a coating of approximately two inches of asphaltic concrete. No resurfacing had been accomplished as to the shoulders which resulted in a drop-off from the main thoroughfare of about two inches. Claimant had been traveling on the right shoulder. The accident was

observed by other motorists who testified that the moped went completely out of control as it came in contact with the new blacktop. Claimant contends that a hazardous condition existed and that it was created by the State which failed to adequately warn motorists of the hazard. There was evidence that the only warning sign in the area was at a point approximately 80 feet south of the scene of the accident. There appeared on that warning sign the words "low shoulder". The Court of Claims determined that the sign as located was inadequate to warn of a hazardous condition in advance of its being encountered and found the State 50% liable for the injuries sustained by claimant. The State has appealed.

The State contends that the decision of the Court of Claims should be reversed and urges us to take the same position in this case as we did in *Hearn v State of New York* (157 AD2d 883, *lv denied* 75 NY2d 710). However, although there are certain similarities between the two cases, there are remarkable distinctions. In *Hearn* there was ample proof of the sufficiency of warning signs. However, in the instant case we concur with the Court of Claims that the only warning sign posted on the southbound section of the highway was inadequate. Both accidents happened on Route 146 and occurred within one week of each other. It should be noted however that this accident happened on the north-south section of Route 146 while the *Hearn* accident occurred on the east-west portion of Route 146. In *Hearn* we found that the east-west portion of Route 146 was most adequately posted with construction signs and low shoulder signs. The posting of those signs would have no effect and give no warning to motorists on the north-south section. The repaving project on the north-south section was separated from the repaving portion on the east-west project by approximately 1,400 feet of highway which was not repaved.

A low shoulder sign is a warning sign which identifies or emphasizes particular conditions on or adjacent to the roadway. The State Manual of Uniform Traffic Control Devices provides that warning signs should be "located in *advance* of the condition to which they apply. It is important that drivers be able to associate a warning message with the condition, and *have sufficient time to react* and perform any necessary maneuver" (emphasis supplied). Such a warning sign should be posted a minimum of 200 feet before the commencement of the condition according to table 230-1 in the aforesaid manual. For this reason, we affirm the Court of Claims finding of liability on the part of the State.

Judgment affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.