■ HENRY MONTGOMERY, Appellant, v STATE OF NEW YORK, Respondent. [614 NYS2d 801] —Peters, J. Appeal from a judgment in favor of the State, entered April 13, 1993, upon a decision of the Court of Claims (Lyons, J.).

This is an action for personal injuries arising from a one-car accident on State Route 157-A in the Town of Knox, Albany County. In August 1988, the State Department of Transportation (hereinafter DOT) repaved approximately three miles of Route 157-A between Knox Cave Road and State Route 157. During such repaving process, a break in a hose on a piece of machinery resulted in a leak of approximately two gallons of hydraulic fluid on the newly repaved surface slightly north of mile marker 1003 in the northbound lane. The spill was treated with an absorbent, yet there remained two three-by-five-foot tar-like patches of pavement. These patches were approximately 200 or 300 feet from the beginning of the last curve before Route 157. A curve warning sign and speed advisory sign were positioned 300 to 325 feet before the curve and temporary centerline markings were put in place on the new pavement which extended beyond this curve. On September 27, 1988, DOT paved the remainder of Route 157-A from where it had stopped to the intersection with Route 157.

On October 7, 1988, claimant spent the evening with a friend until approximately 11:00 or 11:30 P.M. during which he had one or two beers, and thereafter stopped at a restaurant and bar and had a couple of soft drinks. Claimant denied consuming any alcoholic beverages at the bar but a former Sheriff's officer testified that claimant told him later that night that he had consumed a few beers at the bar before the

soft drinks. Claimant then proceeded to drive north on Route 157-A and successfully negotiated eight curves with six warning signs. Claimant testified that he tried to slow down after seeing the warning sign for the last curve before Route 157 but that he was unable to see where the curve was due to the lack of markings and that the car slid and fishtailed through the curve and ended upside down in a ditch on the other side of the road. Claimant testified that it had been raining and the road was wet.

Due to injuries suffered as a result of this accident, claimant filed a notice of claim with the Court of Claims alleging that the accident was due to the State's negligence "in failing to adequately mark, light, construct, design and maintain" the road. In its answer, the State asserted several affirmative defenses, including the defense that the culpable conduct of claimant caused or contributed to the damages alleged. Although claimant responded with a demand for a bill of particulars which included a demand that the State set forth every act or omission of claimant which caused or contributed to the injuries and damages alleged, the State responded that it "was unable to particularize at this time what conduct on the part of the claimant, if any, caused or contributed to the damages sustained by claimant". The State expressly reserved the right to serve a supplemental bill of particulars when such information became available, but no such supplemental bill was ever served.

Over vehement objection, the State introduced evidence at trial relating to claimant's intoxication on the night of the accident. The Court of Claims allowed such testimony as it related to liability but not for the reduction of damages. Claimant's expert testified that the primary cause of the accident was claimant's inability to perceive the curve due to the rain, the dark new pavement and the lack of striping on the road. He testified that additional factors were the slippery pavement due to the spill and the slippery nature of the new pavement when wet. Claimant's expert also testified that good engineering practice should impose upon the State the standard that the State imposes upon private repaving contractors, which requires permanent road markings to be applied within 28 days.

The Court of Claims found that although fresh asphalt is more slippery and less reflective than older pavement, "a wet recently macadamized highway is not an unreasonably unsafe condition which any reasonably prudent motorist would not be able safely to traverse". Even if the site of the spill was more

slippery than other pavement, the court found that due to the size of the spill and the effect thereof on the pavement, such a spill would not have had a controlling influence on claimant's ability to bring the vehicle under control when viewed in light of the distance that the car traveled before coming to rest. The court further found that the temporary broken centerline markings did not render the road unreasonably hazardous and that the use of such markings for a limited period of time did not constitute negligence. Having found no negligence on the part of the State, the Court of Claims nonetheless noted that a "substantial factor in the causation of this accident is apparent but need not be identified". A judgment was entered dismissing the claim and plaintiff appeals. We affirm.

It is not disputed that the State has a duty to maintain its highways in a reasonably safe condition. "Claimant, on the other hand, has the burden to prove that the highway was not so maintained and such constituted negligence which was a proximate cause of the accident" *(Boyle v State of New York,* 94 AD2d 901, 901-902, *lv denied* 60 NY2d 554 [citation omitted]). Our review of the record reveals that claimant failed to meet his burden.

Since our scope of review entails the weighing of the relative probative force of conflicting inferences that could be drawn from the testimony *(see, Arnold v State of New York,* 108 AD2d 1021, *appeal dismissed* 65 NY2d 723), with deference given to the trial court which was in the best position to assess the credibility of the witnesses and the evidence before it *(supra,* at 1022; *see, Cappadona v State of New York,* 154 AD2d 498; *see also, Cipriano v State of New York,* 171 AD2d 169, *lv denied* 79 NY2d 756), we find that the Court of Claims correctly concluded that the tar-like patches on the pavement could not have had "a controlling influence" on the vehicle itself or on claimant's ability to negotiate the curve. Moreover, we find that claimant failed to show that the difference between the temporary pavement markings and the permanent markings was a contributing factor to the accident or rendered the road unreasonably hazardous. Under the circumstances, we find that the court's finding was supported by the evidence and should not be disturbed *(see, Cappadona v State of New York, supra,* at 499).

Finally, as to claimant's contention that it was reversible error for the Court of Claims to allow evidence of claimant's intoxication and rate of speed since the State never responded to claimant's demands for particulars addressing claimant's alleged culpable conduct, we find that there was no prejudice

as a result of such error* since the court found no negligence and therefore never reached the issue of claimant's culpable conduct *(cf., Sharkey v Locust Val. Mar.,* 96 AD2d 1093).

Accordingly, we hereby affirm the judgment of the Court of Claims.

Cardona, P. J., White, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* We note that such testimony may have been appropriate if used for the purpose of impeachment *(see,* Richardson, Evidence § 501, at 486-488 [Prince 10th ed]).